**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BILLY ALLEN MCCAMEY**                                                                   **PETITIONER**

**V.**                                                       **NO. 1:06CV294-A-D**

**CHRISTOPHER EPPS, et al.**                                                    **RESPONDENTS**

## FINAL JUDGMENT

With the assistance of counsel, the Petitioner filed this matter pursuant to 28 U.S.C. § 2254 challenging his state court conviction for possession of methamphetamine precursor chemicals and his thirty-three year sentence. The Magistrate Judge held an evidentiary hearing on September 17, 2008. Following the hearing, the Magistrate Judge recommended that the writ of *habeas corpus* should issue for McCamey. Specifically, the Magistrate Judge found that McCamey had been denied a fair trial by impartial jurors; that he was denied the right to be represented by conflict-free counsel; and, that any purported waiver of these rights was invalid.[1] The Magistrate Judge has recommended that McCamey receive a new trial within 120 days or be released from custody.

On February 25, 2010, the Respondents filed Objections to the Report and Recommendation. The Respondents, however, have not identified any new law or additional arguments which have not already been thoroughly considered by the Magistrate Judge. The basis of the Respondents' objections are that McCamey's attorney was not functioning under an "actual conflict of interest" but, rather, there was only a potential conflict.

This issue was comprehensively addressed in the Report and Recommendation and the Judge found that the attorney suffered under three separate but related conflicts of interest. *See* Report and Recommendation, pp. 63-69 (Jan. 22, 2010) (identifying the conflicts and discussing the ramifications). The court agrees with the Magistrate Judge's findings regarding the existence of actual conflicts of interest. These conflicts rendered McCamey's waiver of rights– right to a fair trial

---

[1] The details of McCamey's claims, the Respondents defenses, and all the attendant issues are thoroughly discussed in the Magistrate Judge's Report and Recommendation dated January 22, 2010.

and an ineffective assistance of counsel claim– invalid. The court can find no reasonable factual or legal support for the Respondents' "potential conflict" position.

Accordingly, the court finds that the Respondents' arguments are not well-taken and that the Objections should be overruled. The court approves and adopts the Report and Recommendation as its opinion.

THEREFORE, it is hereby ORDERED that

(1) Respondents' Objections to the Report and Recommendation of the United States Magistrate Judge are OVERRULED;

(2) the Report and Recommendation (docket entry 26) is APPROVED and ADOPTED as the opinion of this court;

(3) the instant petition for a writ of *habeas corpus* is GRANTED conditionally;

(4) the conviction of Billy McCamey for possession of precursors is VACATED;

(5) the State of Mississippi must commence a new trial of the Petitioner within 120 days of the date of this final judgment; and

(6) under Rule 23(c) of the Federal Rules of Appellate Procedure the court must determine whether McCamey's release, either on bond or personal recognizance is appropriate; the matter is REFERRED to the Magistrate Judge for further determination regarding release.

SO ORDERED, this the 12th day of March, 2010.

/s/ Sharion Aycock
SHARION AYCOCK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI