**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BILLY ALLEN MCCAMEY**                                                                          **PETITIONER**

**v.**                                                                                                        **No. 1:06CV294-A-D**

**CHRISTOPHER EPPS, et al.**                                                                     **RESPONDENTS**

**ORDER GRANTING THE MOTION TO**
**STAY EXECUTION OF THE JUDGMENT**

This matter comes before the Court on the motion by respondents to stay execution of the Court's judgment in this case granting *habeas corpus* relief to Billy Allen McCamey under 28 U.S.C. § 2254. Pursuant to federal rule, the Court also, *sua sponte,* considers whether McCamey should be released pending resolution of the appeal of the judgment.

**Release Pending Appeal**

Decision on both of these issues are governed by Federal Rule of Appellate Procedure 23, entitled "Custody or Release of a Prisoner in a Habeas Corpus Proceeding." Regarding the release of a successful *habeas corpus* petitioner, Rule 23(c) states:

> **Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

A district court has broad discretion in setting conditions on a judgment granting *habeas corpus* relief, as courts may dispose of *habeas corpus* matters "as law and justice require. 28 U.S.C. § 2243. "There is a presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." *Hilton v. Braunskill*, 481 U.S. 770, 777, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). Thus, "a court making an initial custody

determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case," which are: (1) the possibility that the petitioner would flee, (2) the risk of danger the petitioner would pose to the public, (3) the State's interest in continuing custody and rehabilitation pending final determination of the case on appeal, (4) the State's prospect of success on appeal (or a substantial state case on the merits). *Id.* at 777-78.

For McCamey, these factors overcome the presumption in favor of release during appeal. McCamey was sentenced in this case as a habitual offender to thirty-three years imprisonment. McCamey was sentenced in 2003. The length of his sentence and the time remaining both militate against release. In addition, though none of his convictions involve violence, McCamey does have several drug-related convictions and may pose a danger to himself or to the public. However, given his repeated violations of the State's laws, the court finds that the State has a strong interest in his continuing custody during appeal. Furthermore, while this Court's judgment is adverse to the State's position, there is substantial room for debate among jurist. Weighing these factors, the Court holds that McCamey should not be released while his appeal is pending.

## Stay of the Judgment During Appeal

The State argues that the Court's deadline of 120 days to retry McCamey– in the absence of a stay of judgment – would not give the Fifth Circuit a meaningful opportunity to review the merits of the case. The State also argues that its ability to reconstruct its case, locate witnesses, and gather evidence would be hampered should the Court deny its request for a stay of the judgment. These arguments have merit; as such, the Court will stay (during the pendency of the appeal of this case) only the part of the judgment setting a 120-day deadline for the State to retry McCamey.

In sum, the respondents' motion (docket entry 32) to stay execution of judgment in this case is **GRANTED** as to the 120-day deadline to retry the defendant; that deadline is **STAYED** pending resolution of the this case on appeal. The Court declines to release McCamey on bail pending appeal.

**SO ORDERED,** this the 31st day of March, 2010.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**