IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BILLY ALLEN MCCAMEY**                                                                 **PETITIONER**

v.                                                                                                    No. 1:06CV294-A-D

**CHRISTOPHER EPPS**                                                                    **RESPONDENTS**

## MODIFIED ORDER GRANTING THE MOTION TO STAY EXECUTION OF THE JUDGMENT

This matter comes before the court on the motion by respondents to stay execution of the court's judgment in this case granting *habeas corpus* relief to Billy Allen McCamey under 28 U.S.C. § 2254. Pursuant to federal rule, the court also, *sua sponte,* considers wether McCamey should be released pending resolution of the appeal of the court's judgment.

### Release Pending Appeal

Decision on both of these issues are governed by Federal Rule of Appellate Procedure 23, entitled "Custody or Release of a Prisoner in a Habeas Corpus Proceeding." Regarding the release of a successful *habeas corpus* petitioner, Rule 23(c) states:

> **Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

A district court has broad discretion in setting conditions on a judgment granting *habeas corpus* relief, as courts may dispose of *habeas corpus* matters "as law and justice require. 28 U.S.C. § 2243. "There is a presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." *Hilton v. Braunskill*, 481 U.S. 770, 777, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). Thus, "a court making

an initial custody determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case," which are: (1) the possibility that the petitioner would flee, (2) the risk of danger the petitioner would pose to the public, (3) the State's interest in continuing custody and rehabilitation pending final determination of the case on appeal, (4) the State's prospect of success on appeal (or a substantial state case on the merits). *Id.* at 777-78.

For McCamey, these factors overcome the presumption in favor of release during appeal. McCamey was sentenced in this case as a habitual offender to 33 years imprisonment. McCamey was sentenced in 2003. The length of his sentence and the time remaining both militate against release. In addition, though none of his convictions involve violence, McCamey does have several drug related convictions and may pose a danger to himself or to the public. However, given his repeated violations of the State's laws, the court finds that the State has a strong interest in his continuing custody during appeal. Furthermore, the State submits that it can demonstrate a substantial case on the merits. Weighing these factors, the court holds that McCamey should not be released while his appeal is pending.

## Stay of the Judgment During Appeal

The State argues that court's deadline of 120 days to retry McCamey– in the absence of a stay of judgment – would not give the Fifth Circuit a meaningful opportunity to review the merits of the case. The State also argues that its ability to reconstruct its case, locate witnesses, and gather evidence would be hampered should the court deny its request for a stay of the court's judgment. These arguments have merit; as such, the court will stay (during the pendency of the appeal of this case) only the part of the judgment setting a 120 day deadline for the State to retry

McCamey.

In sum, the respondents' motion (docket entry 32) to stay execution of judgment in this case is **GRANTED** as to the 120-day deadline to retry the defendant; that deadline is **STAYED** pending resolution of the this case on appeal. The court declines to release McCamey on bail pending appeal. The previous order granting the motion to stay (docket entry 40) is **VACATED**.

**SO ORDERED,** this the 5th day of April, 2010.

    /s/ Sharion Aycock
SHARION AYCOCK
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI